**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:19-cv-01940-TWP-DML |
| GOLDEN RULE INSURANCE COMPANY and AMERICAN SELECT PARTNERS, LLC | : : : : | |
| Defendants. | : : | |

**GOLDEN RULE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT AND COUNTERCLAIM**

Defendant Golden Rule Insurance Company ("Golden Rule"), by its counsel, hereby

answers the Class Action Complaint ("Complaint") filed by Plaintiff Andrew Perrong

("Plaintiff") as follows:

**Preliminary Statement**

1.      Plaintiff Andrew Perrong ("Plaintiff" or "Mr. Perrong") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

**ANSWER**:      Golden Rule admits that Plaintiff purports to bring this action for the reasons

stated but denies that Plaintiff is entitled to any relief from Golden Rule. Golden Rule further

states that the TCPA is a federal statute that speaks for itself and denies allegations inconsistent

with the TCPA. Golden Rule denies any remaining allegations in paragraph 1 of the Complaint.

2.      Mr. Perrong alleges that Golden Rule Insurance Company ("Golden Rule Insurance") commissioned automated telemarketing calls to Mr. Perrong and other putative class members without their prior express written consent.

**ANSWER**:     Golden Rule denies the allegations in paragraph 2 of the Complaint.

3.      These calls were made pursuant to an arrangement between Golden Rule Insurance and American Select Partners, LLC ("American Select Partners"), a telemarketing agent for Golden Rule Insurance.

**ANSWER**:     Golden Rule denies the allegations in paragraph 3 of the Complaint.

4.      Mr. Perrong and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Perrong brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Golden Rule Insurance.

**ANSWER**:     Golden Rule denies the allegation in the first sentence of paragraph 4 as to

Plaintiff and states that it lacks knowledge or information sufficient to form a belief as to

putative class members and therefore denies the allegation. To the extent a response is required

to the remaining allegations in paragraph 4, Golden Rule denies them.

5.      A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER**:     Golden Rule denies the allegations in paragraph 5 of the Complaint.

### Parties

6.      Plaintiff Andrew Perrong currently resides in Pennsylvania.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegation in paragraph 6 of the Complaint and therefore denies it.

7.      Defendant Golden Rule Insurance, Inc. is a domestic corporation with its principal place of business at 7440 Woodland Dr. in Indianapolis, IN with a registered agent of CT Corp., 150 West Market St., Suite 800 in Indianapolis, IN 46204.

**ANSWER**:     Golden Rule admits the allegations in paragraph 7 of the Complaint.

8.      Defendant American Select Partners, LLC is a Texas limited liability company with a principal place of business at 5050 Quorum Dr., Suite 450 in Dallas, TX 75254. American Select Partners engages in telemarketing conduct into this District and nationwide. American Select Partners also contracted with Golden Rule Insurance in this District to make the telemarketing calls at issue in this case.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

first two statements in paragraph 8 of the Complaint and therefore denies them. Golden Rule also

denies that it contracts with American Select Partners to make telemarketing calls, and further

denies any remaining allegations in paragraph 8 of the Complaint.

### Jurisdiction & Venue

9.     This Court has subject matter jurisdiction under the Class Action Fairness Act of
2005 ("hereinafter referred to as CAFA"), codified as 28 U.S.C. § 1332(d)(2).  The matter in
controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each
member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in
statutory damages for each call that has violated the TCPA.  Further, Plaintiff alleges a
nationwide class, which will result in at least one Class member from a different state.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegations regarding the applicability of the Class Action Fairness Act in paragraph

9 of the Complaint and thus denies them. Golden Rule denies any remaining allegations in

paragraph 9 of the Complaint.

10.     The Court has federal question subject matter jurisdiction over these TCPA
claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

**ANSWER**:     Golden Rule admits only that this Court has federal-question subject-matter

jurisdiction over Plaintiff's alleged TCPA claims. Golden Rule denies any remaining allegations

in paragraph 10 of the Complaint.

11.     The Court has personal jurisdiction over Golden Rule Insurance because of their
[sic] registration with the State of Indiana.  In addition, Golden Rule Insurance maintains its
principal place of business in Indiana.

**ANSWER**:     Golden Rule admits that this Court has personal jurisdiction over Golden Rule

and that Golden Rule's principal place of business is in Indiana.

12.     The Court has personal jurisdiction over American Select Partners because they
[sic] engaged in nationwide telemarketing conduct, including into this District.  Furthermore, it
entered into a contractual relationship with Golden Rule Insurance in this District.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the first statement of paragraph 12 of the Complaint and therefore denies it. Golden Rule denies that it entered into any contractual relationship with American Select Partners and denies any remaining allegations in paragraph 12.

13.     Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls were commissioned from this District and because the Defendants reside in this District.

**ANSWER**:     Golden Rule admits that venue is proper because Golden Rule has its principal places of business in this District. Golden Rule denies any remaining allegations in paragraph 13 of the Complaint.

## TCPA Background

14.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER**:     Golden Rule states that the TCPA speaks for itself and refers to the statute and its regulations for their true and complete contents. Golden Rule denies any allegations or characterizations inconsistent therewith and denies any remaining allegations in paragraph 14 of the Complaint.

15.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

**ANSWER**:     Golden Rule states that the TCPA speaks for itself and refers to the statute and its regulations for their true and complete contents. Golden Rule denies any allegations or characterizations inconsistent therewith and denies any remaining allegations in paragraph 15 of the Complaint.

16.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**ANSWER**:     Golden Rule refers to the FCC orders and regulations for their true and complete

contents and denies any allegations or characterizations inconsistent therewith. Golden Rule

denies any remaining allegations in paragraph 16 of the Complaint.

17.     The FCC, also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

**ANSWER**:     Golden Rule refers to the quoted FCC Report and Order for its true and complete

contents and denies any allegations or characterizations inconsistent therewith. Golden Rule

denies any remaining allegations in paragraph 17 of the Complaint.

18.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**ANSWER**:     Golden Rule refers to the FCC Ruling for its true and complete contents and

denies any allegations or characterizations inconsistent therewith. Golden Rule denies any

remaining allegations in paragraph 18 of the Complaint.

19.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.govinews-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

**ANSWER**:    Golden Rule admits that paragraph 19 of the Complaint quotes a statement from

the FCC's website. Golden Rule lacks knowledge or information sufficient to form a belief as to

the truth of the statement and therefore denies any allegations in Paragraph 19.

20.    "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy documents/commentstaff-ftc-bureau-consumer-nrotection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

**ANSWER**:    Golden Rule admits that paragraph 20 of the Complaint quotes a document on the

Federal Trade Commission's website. Golden Rule lacks knowledge or information sufficient to

form a belief as to the truth of the statement and therefore denies any allegations in Paragraph 20.

21.    In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016.  Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.govinews-events/nress-releases/2017/12/ftc-releases-fv-2017-nationaldo-not-call-registry-data-book-dnc.

**ANSWER**:    Golden Rule admits that paragraph 21 of the Complaint refers to a document on

the Federal Trade Commission's website. Golden Rule lacks knowledge or information sufficient

to form a belief as to the truth of the statement and therefore denies any allegations in paragraph

21.

22.    *The New York Times* reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing.  Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

6

**ANSWER**:     Golden Rule admits that paragraph 22 of the Complaint references two newspaper

stories. Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of

the statements contained therein and therefore denies any allegations in paragraph 22.

23.     A technology provider combating robocalls warned that nearly half of all calls to cell phones next year will be fraudulent.  Press Release, First Orion, Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls in 2019 (Sept. 12, 2018), https://www.prnewswire.corn/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-bv-2019-300711028.html

**ANSWER**:     Golden Rule admits that paragraph 23 of the Complaint references a press release.

Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the

statements contained therein and therefore denies any allegations in paragraph 23.

### Factual Allegations

24.     Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**:     Paragraph 24 of the Complaint sets out a legal conclusion to which no response is

required. To the extent a response is required, Golden Rule admits the allegation on information

and belief.

25.     Mr. Perrong's telephone number, (215) 208-XXXX, is registered to a cellular telephone service.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegation in paragraph 25 of the Complaint and therefore denies it.

26.     Mr. Perrong has also placed this telephone number on the National Do Not Call Registry.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegation in paragraph 26 of the Complaint and therefore denies it.

27.     Mr. Perrong was called by American Select Partners on April 11, 2019.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegation in paragraph 27 of the Complaint and therefore denies it.

28.     When Mr. Perrong answered the call, there was a distinctive click and a pause, along with a "balloon popping" sound before the call was connected.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 28 of the Complaint and therefore denies them.

29.     This click and pause is a telltale sign of a predictive dialer.  The click and pause signifies the algorithm of the predictive dialer operating, the predictive dialer dials thousands of numbers at once, and only transfers the call to a live agent once a human being is on the line. This click and pause is a telltale sign of a predictive dialer.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 29 of the Complaint and therefore denies them.

30.     The click and pause signifies the algorithm of the predictive dialer operating, the predictive dialer dials thousands of numbers at once, and only transfers the call to a live agent once a human being is on the line.  As a result, the telemarketing activity shifts the burden of wasted time to call recipients.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 30 of the Complaint and therefore denies them.

31.     The "balloon popping" sound is a telltale sound used by the ViciDial predictive dialer and is a sound that is copyrighted by ViciDial to indicate that the call was detected as a live person (and not a voicemail) and successfully connected to an agent at the other end.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 31 of the Complaint and therefore denies them.

32.     A predictive dialer is an ATDS as that term is defined by the TCPA.

**ANSWER**:     Paragraph 32 of the Complaint sets out a legal conclusion to which no response is

required. To the extent a response is required, Golden Rule refers to the TCPA and its

regulations for their true and complete contents and denies any allegations or characterizations

inconsistent therewith.

33.     Because of the predictive dialer, Mr. Perrong was greeted with dead air for the call before the "balloon pop" and then finally a live person came on the line.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies them.

34.     The Caller ID for the call was (409) 655-0288.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies them.

35.     That Caller ID is a non-working "spoofed" number.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies them.

36.     The fact that the Caller ID was spoofed is further evidence of the use of an ATDS, as it typically takes a computer dialing system to manipulate the Caller ID that will display on the call recipient's phone.

**ANSWER**:     Paragraph 36 of the Complaint sets out legal conclusions to which no response is required. To the extent a response is required, Golden Rule denies the allegations of paragraph 36. Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint and therefore denies them.

37.     Eventually, "Jessica" of American Select Partners, using a scripted sales pitch, asked Mr. Perrong about insurance and promoted Golden Rule Insurance.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies them.

38.     "Jessica" is believed to be Jessica Perez, an agent at American Select Partners.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies them.

39.     Mr. Perrong also received an e-mail from "jperez@americanselecthealth.com" promoting the same product.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies them.

40.     Plaintiff is not a customer of any of the Defendants and has not consented to receive telemarketing calls prior to the receipt of these calls.

**ANSWER**:     Golden Rule admits that Plaintiff is not one of its customers, but it denies that

Plaintiff did not consent to receive some or all of the calls alleged. Golden Rule lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in paragraph

40 of the Complaint and therefore denies them.

41.     Plaintiff and the other call recipients were harmed by these calls.  They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded.  Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**ANSWER**:     Golden Rule denies the allegations in paragraph 41 of the Complaint.

### Golden Rule Insurance's Liability for American Select Partners' Conduct

42.     For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (113) (1995).

**ANSWER**:     Golden Rule refers to the FCC Memorandum Opinion and Order for its true and

complete contents and denies any allegations or characterizations inconsistent therewith. Golden

Rule denies any remaining allegations in paragraph 42 of the Complaint.

43.     In its January 4, 2008 ruling, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.  *Id.*  (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

**ANSWER**:     Golden Rule refers to the FCC Ruling for its true and complete contents and

denies any allegations or characterizations inconsistent therewith. Golden Rule denies any

remaining allegations in paragraph 43 of the Complaint.

44.     In fact, the Federal Communication Commission has instructed that sellers such as Golden Rule Insurance may not avoid liability by outsourcing telemarketing to third parties, such as American Select Partners:

> [A]llowing the seller to avoid potential liability by outsourcing its
> telemarketing activities to unsupervised third parties would leave
> consumers in many cases without an effective remedy for telemarketing
> intrusions.  This would particularly be so if the telemarketers were
> judgment proof, unidentifiable, or located outside the United States, as is
> often the case.  Even where third-party telemarketers are identifiable,
> solvent, and amenable to judgment limiting liability to the telemarketer
> that physically places the call would make enforcement in many cases
> substantially more expensive and less efficient, since consumers (or law
> enforcement agencies) would be required to sue each marketer separately
> in order to obtain effective relief.  As the FTC noted, because "[s]ellers
> may have thousands of 'independent' marketers, suing one or a few of
> them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶37) (internal citations omitted).

**ANSWER**:   Golden Rule refers to the FCC Ruling for its true and complete contents and

denies any allegations or characterizations inconsistent therewith. Golden Rule denies any

remaining allegations in paragraph 44 of the Complaint.

45.     On May 9, 2013, the FCC released a Declaratory Ruling holding that a
corporation or other entity that contracts out its telephone marketing "may be held vicariously
liable under federal common law principles of agency for violations of either section 227(b) or
section 227(c) that are committed by third-party telemarketers."[1]

**ANSWER**:   Golden Rule refers to the FCC Declaratory Ruling for its true and complete

contents and denies any allegations or characterizations inconsistent therewith. Golden Rule

denies any remaining allegations in paragraph 45 of the Complaint.

46.     Golden Rule insurance is liable for the American Select Partners telemarketing
calls.

**ANSWER**:   Golden Rule denies the allegations in paragraph 46 of the Complaint.

47.     First, Golden Rule Insurance hired American Select Partners to originate new
business using automated telemarketing calls.

**ANSWER**:   Golden Rule denies the allegations in paragraph 47 of the Complaint.

---

[1]      *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*,
28 FCC Rcd 6574, 6574 (111) (2013) ("May 2013 FCC Ruling").

48.     Furthermore, Golden Rule Insurance could have restricted American Select Partners, and the third parties it worked with, from using automated telemarketing, but it didn't.

**ANSWER**:     Golden Rule denies the allegations in paragraph 48 of the Complaint.

49.     Golden Rule also accepted the benefits of American Select Partners illegal telemarketing by accepting insurance policies, despite the fact that those policies were generated through illegal telemarketing.

**ANSWER**:     Golden Rule denies the allegations in paragraph 49 of the Complaint.

50.     Golden Rule Insurance knew (or reasonably should have known) that American Select Partners was violating the TCPA on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct.  Any reasonable seller that accepts telemarketing call leads from lead generators would, and indeed must, investigate to ensure that those calls were made in compliance with TCPA rules and regulations.

**ANSWER**:     Golden Rule denies the allegations in paragraph 50 of the Complaint.

51.     Indeed, American Select Partners had previously received complaints about its TCPA violative telemarketing conduct.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies them.

52.     Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46).  Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶46).

**ANSWER**:     Golden Rule refers to the FCC Ruling for its true and complete contents and denies any allegations or characterizations inconsistent therewith. Golden Rule denies any remaining allegations in paragraph 52 of the Complaint.

### Class Action Allegations

53.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

**ANSWER**:     Golden Rule admits only that Plaintiff purports to bring this action on behalf of

himself and a class of other persons or entities. Golden Rule denies that this case is appropriate

for a class action or that Plaintiff is entitled to represent the proposed class and denies any

remaining allegations in paragraph 53 of the Complaint.

54.     The Class of persons Plaintiff proposes to represent is tentatively defined as:

All persons within the United States to whom: (a) Golden Rule Insurance and/or a third
party acting on their behalf, made one or more non-emergency telephone calls; (b) that
could have promoted Golden Rule Insurance's products or services; (c) to their cellular
telephone number; (d) using an automatic telephone dialing system or an artificial or
prerecorded voice; and (e) at any time in the period that begins four years before the date
of the filing of this Complaint to trial.

**ANSWER**:     Paragraph 54 of the Complaint contains narrative definitions of a putative class

and does not contain any actual allegations to which a response is required. To the extent a

response is required, Golden Rule denies the allegations in paragraph 54 and denies that this case

is appropriate for a class action or that Plaintiff is entitled to represent the proposed class.

55.     Excluded from the Class are counsel, the Defendants, and any entities in which
the Defendants have a controlling interest, the Defendants' agents and employees, any judge to
whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER**:     Golden Rule admits only that Plaintiff purports to exclude the alleged individuals

or categories of individuals from the alleged class definition but denies that this case is

appropriate for a class action or that Plaintiff is entitled to represent the proposed class.

56.     The Class as defined above is identifiable through phone records and phone
number databases.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 56 of the Complaint and therefore denies them. Golden Rule

further denies that this case is appropriate for a class action or that Plaintiff is entitled to

represent the proposed class.

57.     The potential Class's members number at least in the thousands.  Individual joinder of these persons is impracticable.

**ANSWER**:     Golden Rule lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies them. Golden Rule further denies that this case is appropriate for a class action or that Plaintiff is entitled to represent the proposed class.

58.     Plaintiff is a member of the Class.

**ANSWER**:     Paragraph 58 of the Complaint sets out legal conclusions to which no response is required. To the extent a response is required, Golden Rule denies the allegations in paragraph 58 and further denies that this case is appropriate for a class action or that Plaintiff is entitled to represent the proposed class.

59.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a.     Whether Defendant violated the TCPA by using automated calls to contact putative class members cellular telephones;
    b.     Whether Defendants placed calls without obtaining the recipients' prior express invitation or permission for the call;
    c.     Whether Golden Rule Insurance is vicariously liable for the telemarketing conduct of American Select Partners; and
    d.     Whether the Plaintiff and the class members are entitled to statutory damages because of Defendants' actions.

**ANSWER**:     Paragraph 59, and its subparts a. through d., of the Complaint sets out legal conclusions to which no response is required. To the extent a response is required, Golden Rule denies the allegations in paragraph 59, and its subparts a. through d., of the Complaint and further denies that this action is appropriate for a class action or that Plaintiff is entitled to represent the proposed class.

60.     Plaintiff's claims are typical of the claims of class members.

**ANSWER**:      Paragraph 60 of the Complaint sets out legal conclusions to which no response is

required. To the extent a response is required, Golden Rule denies the allegations in paragraph

60 of the Complaint and further denies that this action is appropriate for a class action or that

Plaintiff is entitled to represent the proposed class.

61.      Plaintiff is an adequate representative of the Class because his interests do not
conflict with the interests of the class, he will fairly and adequately protect the interests of the
class, and he is represented by counsel skilled and experienced in class actions, including TCPA
class actions.

**ANSWER**:      Paragraph 61 of the Complaint sets out legal conclusions to which no response is

required. To the extent a response is required, Golden Rule denies the allegations in paragraph

61 of the Complaint and further denies that this action is appropriate for a class action or that

Plaintiff is entitled to represent the proposed class.

62.      Common questions of law and fact predominate over questions affecting only
individual class members, and a class action is the superior method for fair and efficient
adjudication of the controversy.  The only individual question concerns identification of class
members, which will be ascertainable from records maintained by Defendants and/or their
agents.

**ANSWER**:      Paragraph 62 of the Complaint sets out legal conclusions to which no response is

required. To the extent a response is required, Golden Rule denies the allegations in paragraph

62 of the Complaint and further denies that this action is appropriate for a class action or that

Plaintiff is entitled to represent the proposed class.

63.      The likelihood that individual members of the class will prosecute separate
actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER**:      Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 63 of the Complaint and therefore denies them.

64.      Plaintiff is not aware of any litigation concerning this controversy already
commenced by others who meet the criteria for class membership described above.

**ANSWER**:      Golden Rule lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 64 of the Complaint and therefore denies them.

**Legal Claims**

**Count One:**
**Violation of the TCPA's Automated Call provisions**

65.      Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER**:      Golden Rule incorporates its responses to paragraphs 1 through 64 of the

Complaint as if fully set forth herein.

66.      The Defendants violated the TCPA by (a) initiating automated telephone solicitations to cellular telephone numbers, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(b).

**ANSWER**:      Golden Rule denies the allegations in paragraph 66 of the Complaint. To the

extent the allegations in paragraph 66 concern other defendants, Golden Rule lacks information

or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies

them.

67.      The Defendants' violations were willful and/or knowing.

**ANSWER**:      Golden Rule denies the allegations in paragraph 67 of the Complaint. To the

extent the allegations in paragraph 67 concern other defendants, Golden Rule lacks information

or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies

them.

68.      Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

**ANSWER**:      Golden Rule denies the allegations in paragraph 68 of the Complaint. To the

extent the allegations in paragraph 68 concern other defendants, Golden Rule lacks information

or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

### Golden Rule's Answer to Plaintiff's Prayer for Relief

Golden Rule denies that Plaintiff is entitled to any relief. Golden Rule denies all allegations in the Complaint that are not specifically and unequivocally admitted. Golden Rule reserves the right to amend or supplement its Answer and to raise any additional defenses that Golden Rule may become aware of through discovery or otherwise.

### <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense: Health Care Messages

1.      Golden Rule alleges, on information and belief, that the calls referenced in Plaintiff's Complaint deliver "health care message[s]" under 47 C.F.R. § 64.1200(a)(2) and (a)(3)(v) and are not "telemarketing" or "solicitation" calls as alleged by Plaintiff. Golden Rule is not liable to the extent that the TCPA allows such calls delivering "health care messages" without the consent, or with only certain limited consent, of the called party.

### Second Affirmative Defense: Consent

2.      The TCPA does not prohibit calls to cellular telephones made using an automatic telephone dialing system when the called party has given his or her prior express consent. To the extent that Plaintiff provided prior express consent to receive some or all of the calls at issue, the claims are barred.

### Third Affirmative Defense: Claims Not Properly Certifiable Under Rule 23

3.      Plaintiff's claims cannot properly be certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual proposed class member predominate over the questions relating to the class, including:

a)      Whether each individual was allegedly contacted by Golden Rule or on Golden Rule's behalf;

b)      Whether each individual or an agent of that individual provided consent prior to the contact;

c)      Whether the individual was called on a cell phone or a landline;

d)      Whether each individual wanted to receive the calls or had requested to receive the calls; and

e)      Who was the owner or regular user of each cellular telephone number called at the time each message was placed.

**Fourth Affirmative Defense:  Constitutionality of Statutory Damages**

4.      The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at calls, statutory damages under the TCPA can quickly rise to millions of dollars for alleged actions that cause little or no actual damage to Plaintiff or other called individuals and such a calculation would be excessive, improper, and unreasonable. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

**Fifth Affirmative Defense: Lack of Standing**

5.      To establish standing under Article III of the U.S. Constitution, Plaintiff and the proposed class must show a concrete and particularized invasion of a legally protected interest. To the extent that Plaintiff and members of the proposed class have not paid money, lost title to goods of value, or suffered any other concrete or particularized harm as a result of the conduct alleged, and/or that Plaintiff is a "professional plaintiff" who seeks out alleged TCPA violations

for his personal profit, Plaintiff and/or members of the proposed class lack standing to bring this suit under Article III of the U.S. Constitution.

### Sixth Affirmative Defense: Lack of Damages

6.      To the extent Plaintiff and members of the proposed class have not paid money, lost title to goods of value, or suffered any cognizable nonpecuniary harm as a result of the conduct alleged, Plaintiff and members of the proposed class have suffered no actual damages and cannot recover any damages in this action.

### Seventh Affirmative Defense: No Proximate Cause

7.      To the extent Plaintiff or the proposed class has sustained damage, which Golden Rule denies, any damage sustained was proximately caused by the acts or omissions of other person, firms, or corporations over which Golden Rule has no control.

### Eighth Affirmative Defense: Unclean Hands

8.      Plaintiff's claims and those of the putative class are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto* because, on information and belief, Plaintiff invited the calls on which he now seeks liability.

### Ninth Affirmative Defense: Reservation of Rights

Golden Rule expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

WHEREFORE, Golden Rule respectfully requests that the Court:

a.      Dismiss all of Plaintiff's claims against Golden Rule with prejudice and on the merits;

b.      Deny class certification;

c.      Award Golden Rule all costs, disbursements, and reasonable attorney fees

allowed by law; and

d.      Grant Golden Rule any such further relief to which it may be entitled.

## COUNTERCLAIM

Defendant Golden Rule Insurance Company ("Golden Rule") hereby asserts the

following Counterclaim against Plaintiff Andrew Perrong ("Perrong").

### Parties

1.      Golden Rule is a domestic corporation with its principal place of business at 7440

Woodland Drive, Indianapolis, IN 46278.

2.      Perrong alleges that he is a resident of Pennsylvania.

### Facts

3.      Perrong is a prolific TCPA litigant: he has been the plaintiff in over fifty TCPA

lawsuits since April 2015—over ten per year. And recently, Perrong has been on a filing spree

that is prolific even by his standards: he has filed 15 cases since January 2019 and 8 cases since

May 2019. His list of pending cases touches jurisdictions across the United States. *See, e.g.,*

*Perrong v. Advanced Brokerage Concepts, LLC et al.*, No. 2:18-cv-02624-GJP, ECF No. 1 (E.D.

Pa. June 21, 2018); *Perrong v. Capital Comeback, LLC et al.*, No. 3:18-cv-10017-BRM-LGH,

ECF No. 1 (D.N.J. June 1, 2018); *Perrong v. Harris v. Harris, LTD.*, No. 1:19-cv-02425, ECF

No. 1 (N.D. Ill. Apr. 10, 2019); *Perrong v. Liberty Power Corp LLC*, No. 1:18-cv-00712-MN,

ECF No. 1 (D. Del. May 11, 2018); *Perrong v. Sperian Energy Corp.*, No. 2:19-cv-00115-RFB-

GWF, ECF No. 1 (D. Nev. Jan 21, 2019).

4.      But despite his lengthy TCPA history, Perrong is not the kind of consumer that

the TCPA was intended to protect. Perrong is not an innocent consumer seeking to ***avoid***

unwanted marketing calls; he is seeking to **attract** calls so he can manufacture TCPA lawsuits for his personal profit.

5.      As just one example, it appears Perrong has been widening his TCPA net by adding multiple phone numbers to his portfolio.

6.      This case also was a setup. The first step was to feign interest in obtaining health insurance. Perrong visited the website www.https://www.usinsuranceonline.com—a website that markets Golden Rule's insurance products as well as other companies' products—and filled out an online application and request for quote form. Perrong provided his name and address, an (apparently false) birthdate, and his cellular telephone number—the same number at which he received the calls for which he now has sued Golden Rule.

7.      By providing his telephone number, Perrong expressly agreed to receive the calls at issue in this case. Immediately next to the button to "Submit" his information were the following terms: "By clicking 'Submit' I provide my signature, expressly authorizing up to eight insurance companies or their agents or parent companies, including GoHealth, eHealth, or SelectQuote, to contact me at the number and address provided with insurance quotes, for marketing purposes, or to obtain additional information for such purposes **using an automated telephone dialing system** and/or an artificial or prerecorded voice, text messages, or email. I understand that my signature is not a condition of purchasing any property, goods or services and that I may revoke my consent at any time."

8.      By clicking "Submit," Perrong agreed to the above terms and consented to receiving calls from "insurance companies or their agents or parent companies" using "an automated telephone dialing system."

9.    By expressly requesting to receive an insurance quote, Perrong represented that he was interested in learning more about insurance products, including those from Golden Rule.

10.    But this representation was false. Perrong had no interest in learning more about—much less obtaining—health insurance. Instead, Perrong, a prolific litigant with deep knowledge of the TCPA's workings, hoped to attract calls in response to his request for an insurance quote so he could manufacture a TCPA claim against the caller and anyone connected to the caller.

11.    Unsurprisingly, Perrong got exactly what he wished. Having been given Perrong's cellular number and a representation that Perrong was interested in learning more about health insurance products, an agent from Defendant American Select Partners ("American Select") contacted Perrong to discuss health insurance options.

12.    Despite the fact that he invited the call and provided prior express consent for the call, Perrong falsely told the agent that the call was "out of the blue." In hopes of obtaining the facts necessary for his lawsuit, however, Perrong continued to feign interest in health insurance. He discussed a Golden Rule policy at length with the agent and provided an email for the agent to send him an application form—not because of any legitimate interest, but so he could identify the legitimate businesses he would soon be suing. He also confirmed his cell phone number and never asked the agent to stop calling.

13.    Of course, Plaintiff never sent back an application form or responded to any personal follow-up from American Select: he never was interested in health insurance in the first place—he was only interested in another TCPA lawsuit.

14.    Perrong alleges that Golden Rule is vicariously liable for the calls to Perrong's phone. Golden Rule denies that it is vicariously liable for any TCPA-violating calls made by

American Select's representative, but in the alternative, *see* Fed. R. Civ. P. 8(d)(3), it alleges that Golden Rule and/or its alleged agent American Select reasonably relied on Perrong's representations of interest in health insurance products to contact Perrong at the number he provided for that contact.

15.     Perrong's misrepresentations have harmed Golden Rule. They have led directly to a lawsuit against Golden Rule that is forcing Golden Rule to expend significant attorney fees and divert the time and attention of its employees from more beneficial tasks to respond to Perrong's baseless allegations. Golden Rule would have suffered none of these injuries, absent Perrong's manipulative scheme to manufacture a TCPA claim.

16.     Perrong should be held accountable for his fraudulent behavior. The TCPA was meant to be a shield against harassing, unsolicited calls; it was never meant to be a sword for individuals to wield for their personal profit against companies making legitimate, non-harassing calls that they reasonably believe to be solicited. Perrong's schemes unfairly target companies acting in good faith, impose unnecessary costs on operating the business of health insurance, and needlessly clog the already busy dockets of the federal courts.

### Counterclaim: Fraud

17.     Golden Rule incorporates herein by reference the allegations set forth in paragraphs 1 through 16 of this Counterclaim.

18.     Perrong has committed fraud against Golden Rule because he made a material misrepresentation to Golden Rule that he knew was false—namely, that he was interested in applying for health insurance products and in obtaining more information about those products.

19.     Perrong intended Golden Rule and/or its alleged agent American Select to rely upon his false representations and thereby walk directly into a manufactured and baseless TCPA

lawsuit. And Golden Rule and/or American Select did, in fact, justifiably rely on those representations.

20.     Golden Rule has been injured as a result of its reliance on Perrong's false representations as set forth above.

WHEREFORE, Counterclaimant Golden Rule Insurance Company respectfully requests judgment in its favor and against Plaintiff Andrew Perrong as follows:

A.     For compensatory damages in an amount to be determined at time of trial;

B.     For punitive damages in an amount to be determined at time of trial;

C.     For reimbursement of recoverable litigation costs in an amount to be determined at time of trial;

D.     For reimbursement of attorney fees incurred; and

E.     Such other relief as this Court deems appropriate.

Dated: July 16, 2019                                   Respectfully submitted,

                                                       /s/Amy G. Dunn
                                                       Erin L. Hoffman (MN #0387835)
                                                       Peter C. Magnuson (MN #0392342)
                                                       FAEGRE BAKER DANIELS LLP
                                                       90 South Seventh Street, Suite 2200
                                                       Minneapolis, MN  55402
                                                       Telephone:  (612) 766-7000
                                                       Facsimile:  (612) 766-1600
                                                       erin.hoffman@FaegreBD.com

                                                       Amy G. Dunn (IN #34428-29)
                                                       FAEGRE BAKER DANIELS LLP
                                                       300 N. Meridian Street, Suite 2700
                                                       Indianapolis, IN 46204-1750
                                                       Telephone:  (317) 237-0300
                                                       Facsimile:  (317) 237-1000
                                                       amy.dunn@FaegreBD.com

                                                       *Attorneys for Defendant Golden Rule*
                                                       *Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, the foregoing pleading was filed electronically.

Notice of this filing will be sent to the following counsel of record through the Court's Electronic

Case Filing System.  Parties may access this filing through the Court's system.

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043
anthony@paronichlaw.com

*Attorney for Plaintiff*

Charles W. Gameros, Jr.
Hoge & Gameros, LLP
6116 N. Central Expressway, Suite 1400
Dallas, TX  75206
BGameros@LegalTexas.com

*Attorney for Defendant American Select Partners, LLC*

*/s/Amy G. Dunn* _____