IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated, | : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION NO. <br> : |
| v. | : 1:19-cv-01940-TWP-DML <br> : |
| GOLDEN RULE INSURANCE COMPANY and AMERICAN SELECT PARTNERS, LLC | : <br> : |
| Defendants. | : <br> : |

## AMENDED COUNTERCLAIMS

Defendant Golden Rule Insurance Company ("Golden Rule") hereby asserts the following Counterclaims against Plaintiff Andrew Perrong ("Perrong").

### Parties

1. Golden Rule is a domestic corporation with its principal place of business at 7440 Woodland Drive, Indianapolis, IN 46278.

2. Perrong alleges that he is a resident of Pennsylvania.

### Facts

3. Perrong is a prolific TCPA litigant: he has been the plaintiff in over fifty TCPA lawsuits since April 2015—over ten per year. Recently, Perrong has been on a filing spree that is prolific even by his standards: he has filed 20 cases since January 2019 and 11 cases since May 2019. His list of pending cases touches jurisdictions across the United States. *See, e.g., Perrong v. Vivint,* No. 2:19-cv-00568, ECF No. 1 (D. Utah Aug. 14, 2019); *Perrong v. Advanced Brokerage Concepts, LLC et al.*, No. 2:18-cv-02624-GJP, ECF No. 1 (E.D. Pa. June 21, 2018); *Perrong v. Capital Comeback, LLC et al.*, No. 3:18-cv-10017-BRM-LGH, ECF No. 1 (D.N.J. June 1, 2018);

*Perrong v. Harris v. Harris, LTD.*, No. 1:19-cv-02425, ECF No. 1 (N.D. Ill. Apr. 10, 2019);

*Perrong v. Liberty Power Corp LLC*, No. 1:18-cv-00712-MN, ECF No. 1 (D. Del. May 11, 2018);

*Perrong v. Sperian Energy Corp.*, No. 2:19-cv-00115-RFB-GWF, ECF No. 1 (D. Nev. Jan 21, 2019).

4. Despite his lengthy history of filing TCPA actions, Perrong is not the kind of consumer that the TCPA was intended to protect. Perrong is not an innocent consumer seeking to *avoid* unwanted marketing calls; he deliberately seeks to *attract* calls in a concerted effort to manufacture TCPA lawsuits against legitimate businesses for his personal profit.

5. As just one tactic, it appears Perrong has been widening his TCPA net by adding multiple phone numbers to his portfolio.

6. This case also was a setup. The first step was to feign interest in obtaining health insurance. Perrong, or someone acting on his behalf, visited the website with the URL https://www.usinsuranceonline.com—a website that markets insurance products of a variety of companies, including Golden Rule—from the IP address 69.136.75.109. This IP address is connected by online public sources to a location just outside of Philadelphia, Pennsylvania, in the vicinity as the address that Perrong has identified to Golden Rule as his personal address.

7. Perrong, or someone acting on his behalf, visited the website shortly before April 11, 2019, the date Perrong alleges he received the first call regarding health insurance. Golden Rule is not able to allege a more specific date because that information is not in Golden Rule's possession, custody, control; it is possessed exclusively by Perrong and by a third party that is unaffiliated with, and not controlled by, Golden Rule.

8. After visiting the website, Perrong, or someone acting on his behalf, filled out an online application and request for quote form. Perrong provided his name and address, a

(apparently false) birthdate, and his cellular telephone number—the same number at which he received the calls for which he now has sued Golden Rule.

    9.       By providing his telephone number, Perrong expressly agreed to receive the calls at issue. The following terms were immediately next to the button to "Submit" his information:

**US INSURANCE ONLINE**

**The Fastest Way to Get Free Health Insurance Quotes!**

| | |
|---|---|
| What is your gender? * | ○Male ○Female ○Nonbinary |
| What is your date of birth? * | mm/dd/yyyy |
| How many people are in your household? * | -- |
| Expected annual household income? * | -- Annual Income -- |
| Have you experienced any major life events in the past 30 days? * ? | ○Yes ⦿No |
| Are you self employed? * | ○Yes ⦿No |
| Does anyone have any major health conditions? * | ○Yes ⦿No |

| | | | |
|---|---|---|---|
| First Name * | | Last Name * | |
| Address * | | Zip Code * | 55417 |
| Day phone * | 555-555-5555 | | |
| Email * | | ⊘ No Spam | |

By clicking "Submit" I provide my signature, expressly authorizing up to eight insurance companies or their agents or partner companies, including GoHealth or SelectQuote, to contact me at the number and address provided with insurance quotes, for marketing purposes, or to obtain additional information for such purposes using an automated telephone dialing system and/or an artificial or prerecorded voice, text messages or email. I understand that my signature is not a condition of purchasing any property, goods or services and that I may revoke my consent at any time.

➡ **Submit**

🔒 Your info is secure

I understand that the insurance companies or their agents or partner companies may confirm my information through the use of a consumer report. I agree to this website's Privacy Policy and acknowledge that as a member I will receive insurance quote reminders and special promotions sent to me via e-mail. I acknowledge that I have read and understand this website's Terms and Conditions, and I agree to be bound by them.

Home | Terms of Use | Privacy Policy | Site Map

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

© 2005 - 2019 All Web Leads, Inc., all rights reserved.

10. By clicking "Submit," Perrong agreed to the above terms and consented to receiving calls from "insurance companies or their agents or parent companies" using "an automated telephone dialing system."

11. By visiting the U.S. Insurance Online website, filling out his contact information, including his cell phone number, and then expressly requesting to receive an insurance quote by clicking "Submit," Perrong represented that he was interested in learning more about insurance products, including those from Golden Rule, and that he wanted to receive phone calls providing more information on insurance products, including those from Golden Rule for the purpose of obtaining a new health insurance policy.

12. But this representation was false. Perrong had no interest in learning more about—much less obtaining—health insurance. Instead, Perrong, a prolific litigant with deep knowledge of the TCPA's workings, hoped to attract calls in response to his request for an insurance quote in a concerted effort to manufacture a TCPA claim against the caller and anyone connected to the caller. Perrong never told Defendants of his intentions to manufacture a TCPA claim against them, which rendered his conduct on the U.S. Insurance Online website identified above materially misleading.

13. Unsurprisingly, Perrong got exactly what he wished. Having been given Perrong's cellular phone number and a representation that Perrong was interested in learning more about health-insurance products, an agent from Defendant American Select Media ("American Select") contacted Perrong to discuss health-insurance options.

14. Despite the fact that he invited the call and provided prior express written consent for it, Perrong falsely told the agent that the call was "out of the blue." In hopes of obtaining the facts necessary for his lawsuit, however, Perrong continued to feign interest in health insurance.

He discussed a Golden Rule policy with the agent for thirty minutes and provided an email address for the agent to send him an application form—not because of any legitimate interest, but so he could identify the legitimate businesses he would soon be suing. He also confirmed his cell phone number and never asked the agent to stop calling. At no point during the thirty-minute phone call did he tell the agent that he was no longer interested in receiving information about insurance policies or that he no longer wished to be contacted about health insurance products, including policies from Golden Rule.

15. Perrong never sent back an application form or responded to the two personal, follow-up calls he received from American Select. After all, he never was interested in health insurance in the first place; he was interested only in another TCPA lawsuit.

16. This fact is further confirmed by the timing of the complaint that Perrong sent to Golden Rule regarding the calls. After the thirty-minute phone call on April 11, 2019 in which Perrong requested additional information, American Select made two manually dialed calls to Perrong on April 12, 2019, around 8:00 am. Perrong answered the first call, asked who was calling, then immediately hung up. He did not answer the second call, and the American Select agent left a voicemail. Just over an hour later, Perrong sent a lengthy email to UnitedHealth Group Incorporated, of which Golden Rule is a wholly owned, indirect subsidiary, claiming that it violated the TCPA and citing both the April 11 call and the April 12 calls. This timing strongly suggests that Perrong never was sincerely interested in health insurance but instead sought to induce American Select into calling him in order to manufacture a TCPA claim.

17. Perrong alleges that Golden Rule is vicariously liable for the calls to Perrong's phone. Golden Rule denies that it is vicariously liable for any calls made by American Select's representative (whether in compliance or in violation of the TCPA), and in the alternative, *see* Fed.

5

R. Civ. P. 8(d)(3), Golden Rule alleges that Golden Rule and/or its alleged agent American Select reasonably relied on Perrong's representations of interest in health-insurance products to contact Perrong at the number he provided for that contact.

18.     Perrong's misrepresentations have harmed Golden Rule. They required Golden Rule to expend time and money on a pre-suit investigation of Perrong's accusations, and now, to defend against a lawsuit that is forcing Golden Rule to expend significant attorney fees and to disrupt its business by diverting the time and attention of its employees from more beneficial tasks to respond to Perrong's baseless allegations. This lawsuit also has caused reputational harm to Golden Rule that arises from being publicly named in a baseless nationwide class action alleging violations of federal law. Golden Rule would have suffered none of these injuries absent Perrong's deliberate and manipulative plans to manufacture a TCPA claim.

19.     Perrong should be held accountable for his fraudulent behavior. The TCPA was meant to be a shield against harassing, unsolicited calls; it was never meant to be a sword for individuals to wield for their personal profit against companies making legitimate, non-harassing calls that they reasonably believe to be solicited. Perrong's deliberate artifices unfairly target companies acting in good faith, impose unnecessary costs on operating the business of health insurance, and needlessly clog the already busy dockets of the federal courts.

### Counterclaim Number 1: Fraud

20.     Golden Rule incorporates herein by reference the allegations set forth in paragraphs 1 through 19 of this Counterclaim.

21.     Perrong has committed fraud against Golden Rule because, by his acts and omissions, he made a material misrepresentation to Golden Rule and/or its alleged agent American Select that he knew was false—namely, that he was interested in applying for health-insurance

products and in obtaining more information about those products through a call to the number he provided.

22.     Perrong intended that Golden Rule and/or its alleged agent American Select rely upon his false representations and thereby walk directly into a manufactured and baseless TCPA lawsuit. And, in fact, Golden Rule and/or American Select did justifiably rely on those representations, particularly as a result of the fact that Perrong never mentioned to the agent that he was no longer interested in applying for a new health insurance policy or in obtaining more information about those products and never requested that the agent stop contacting him.

23.     Golden Rule has been injured as a result of its reliance on Perrong's false representations as set forth above.

### Counterclaim Number 2: Abuse of Process

24.     Golden Rule incorporates herein by reference the allegations set forth in paragraphs 1 through 23 of this Counterclaim.

25.     Perrong has committed the tort of abuse of process because he has used judicial processes—namely, making allegations of wrongdoing by Golden Rule in a formal complaint before this Court—for an end other than that for which those processes were designed.

26.     Perrong had ulterior motives in making the factual allegations underlying this case. Perrong did not pursue this action for legitimate purposes: his history of repeated TCPA actions and quick settlements, as well as the fraudulent methods he employed in this case, reveal that he is pursuing this case to induce a legitimate company he believes has deep pockets and to obtain an unfair and unjustified settlement for his own personal gain.

27.     To accomplish this ulterior motive, Perrong used judicial processes that would not be proper in the normal prosecution of the case, including the filing of a manufactured complaint

against Golden Rule and the false allegations he included in the complaint.

28. Perrong alleges that he "has not consented to receive telemarketing calls prior to the receipt of these calls." But as noted above, Perrong did consent, both to the call on April 11, 2019, and to the follow-up calls on April 12, 2019. In addition, although Perrong alleges that he was "temporarily deprived of legitimate use of [his] phone[]" by the calls and that he found them "frustrating, obnoxious, [and] annoying," *no one* forced him to spend thirty minutes discussing health insurance with an American Select agent, to request additional information, and to confirm his cell phone number, all without requesting that American Select stop calling him.

29. It is an inappropriate use of judicial process to sue legitimate businesses after luring them into making consented-to phone calls and then falsely allege that those calls were unwanted and without consent. Because Perrong has done so to harass Golden Rule for his own personal profit, he has committed the tort of abuse of process.

30. Golden Rule has been injured by Perrong's abuse of process, as described above, including, but not limited to, the significant attorney fees that it has incurred and is incurring to defend against Perrong's manufactured lawsuit.

WHEREFORE, Counterclaimant Golden Rule Insurance Company respectfully requests judgment in its favor and against Plaintiff/Counter-defendant Andrew Perrong as follows:

A. For compensatory damages in an amount to be determined at time of trial;

B. For punitive damages in an amount to be determined at time of trial;

C. For reimbursement of recoverable litigation costs in an amount to be determined at time of trial;

D. For reimbursement of attorney fees incurred; and

E. Such other relief as this Court deems appropriate.

| | |
|---|---|
| Dated: October 8, 2019 | Respectfully submitted, |

*/s/ Erin L. Hoffman*
Erin L. Hoffman (MN #0387835)
Peter C. Magnuson (MN #0392342)
FAEGRE BAKER DANIELS LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN  55402
Telephone:  (612) 766-7000
Facsimile:   (612) 766-1600
erin.hoffman@FaegreBD.com
peter.magnuson@FaegreBD.com

Susanne A. Johnson (IN 31338-64)
Amy G. Dunn (IN 34428-29)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1750
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
susanne.johnson@FaegreBD.com
amy.dunn@FaegreBD.com

*Attorneys for Defendant Golden Rule Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, the foregoing pleading was filed electronically. Notice of this filing will be sent to the following counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043
anthony@paronichlaw.com

Jonathan P.  Misny
Murray Murphy Moul Basil LLP
1114 Dublin Road
Columbus, OH 43215
misny@mmmb.com

*Attorneys for Plaintiff Andrew Perrong*

Charles W. Gameros, Jr.
Hoge & Gameros, LLP
6116 N. Central Expressway, Suite 1400
Dallas, TX  75206
BGameros@LegalTexas.com

*Attorney for Defendant American Select Partners, LLC*

/s/ Erin L. Hoffman