UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>GOLDEN RULE INSURANCE COMPANY and AMERICAN SELECT PARTNERS, LLC<br><br>  Defendants. | Case No. 1:19-cv-1940-JPH-DML<br><br>CLASS ACTION |

> DENIED as MOOT. Amended Counterclaim filed on 10/8/2019 at dkt. 38.
> TWP
> 10/15/2019

**PLAINTIFF ANDREW PERRONG'S MOTION TO DISMISS GOLDEN RULE INSURANCE COMPANY'S COUNTERCLAIM**

**INTRODUCTION**

Golden Rule's Counterclaim is nothing more than a contrived attempt to intimidate and bully a consumer for daring to hold it to account for its illegal telemarketing.  The most basic of details to support the claim are entirely absent, and as such the claim falls far short of alleging fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

Particularity is required to allege fraud in order to protect individuals like Mr. Perrong from the reputational harm that comes along with a public fraud allegation.  The party alleging fraud must conduct a more thorough investigation than is typically required in order to ensure the claims have factual support.  But here, Golden Rule and its attorneys have either (1) lobbed this claim at Mr. Perrong without even investigating the basic information Defendants were supposed to maintain (and purportedly relied upon) to meet their burden to prove consumers consented to their telemarketing calls; or (2) did an investigation but still don't have the facts to prove or even suggest Mr. Perrong consented to the call at issue in this case.  Either way, the Counterclaim is