UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-1940-JPH-DML |
| GOLDEN RULE INSURANCE COMPANY and AMERICAN SELECT PARTNERS, LLC | CLASS ACTION |
| Defendants. | |

**PLAINTIFF'S MOTION TO QUASH SUBPOENA TO VERIZON WIRELESS**

**INTRODUCTION**

Plaintiff Andrew Perrong hereby moves for an order quashing the subpoena issued by Defendant Golden Rule Insurance Company to Verizon Wireless.  The subpoena requests information with no relevance to this matter and which infringes on Mr. Perrong's privacy, namely, Mr. Perrong's cellular telephone call logs for more than a year.  Golden Rule has subpoenaed this information even though Mr. Perrong has already provided Golden Rule a redacted version of his phone bill for the month of the call showing the log entry for the call at issue in this case.  While Golden Rule has asserted Counterclaims for Fraud and Abuse of Process, currently the subject of a pending motion to dismiss, Golden Rule cannot make a showing of how discovery of a call logs of Plaintiff's phone calls for any amount of time—much less over a full year—has any relevance to their counterclaims, which allege Mr. Perrong "manufactured" this claim not by making a phone call, but by visiting a website.  Accordingly, the subpoena to Verizon Wireless should be quashed.

1

## LAW AND ARGUMENT

As an initial matter, Mr. Perrong has standing to file this motion to quash. A party has standing to move to quash a non-party subpoena "if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). An example of such a legitimate interest is "production of private information about the party that may be in the possession of a third party." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 186-87 (N.D. Ill. 2013). The subpoena seeks information about all of Mr. Perrong's phone calls on his cellular telephone for over a year, which is private information about him that is in Verizon Wireless' possession. Therefore Mr. Perrong has standing to quash the subpoena seeking production of that information.

The subpoena should be quashed because the information requested has no relevance to this case. "[R]egarding subpoenas to nonparties, the scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Microsoft Corp. v. Tech. Enters., LLC*, No. 1:07-mc-210-DFH-TAB, 2008 U.S. Dist. LEXIS 10964, at *2-3 (S.D. Ind. Feb. 13, 2008) (citation omitted). Moreover, while Plaintiff's concern is primarily relevance, the burden to the non-party is also a relevant consideration, as along with relevancy, "non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion." *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006).

Request 1(b) in the subpoena demands production of all of Plaintiff's call log and voicemail log information from January 1, 2019 through the present, a period of over one year. *See,* Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, attached hereto as Exhibit 1. Plaintiff has already objected to providing the same information in discovery, and has provided Golden Rule the limited amount

of information encompassed by its request that *is* relevant.  As such, the subpoena is an attempt to obtain irrelevant information from a third party that Plaintiff has already objected to producing.

This action under the Telephone Consumer Protection Act ("TCPA") involves Plaintiff's complaint that he received one single unsolicited phone call on April 11, 2019 from or on behalf of the Defendants, using an automatic telephone dialing system ("ATDS") to the Plaintiff's cellular telephone, without his consent, much less is prior express written consent as required by the TCPA.  Therefore, Plaintiff produced in discovery his Verizon Wireless phone bill for the period April 2, 2019 through May 1, 2019, revealing the call log information for the call at issue in this case, but redacting the call log information for the other calls, which have no relevance to this action whatsoever.  Nonetheless, Golden Rule has still demanded Verizon Wireless to produce all call logs and voicemail message logs for a period of over one year.

Golden Rule has not articulated how this request is at all relevant to the issues in the case. While Golden Rule has asserted Counterclaims for fraud and abuse of process against Plaintiff claiming he manufactured this case by visiting a website and submitting a quote for health insurance (something that has been disproven already in discovery though Plaintiff's motion to dismiss the Counterclaims remain pending), there is no allegation that he made a phone call to solicit the call at issue.  Moreover, the fact that the request has no temporal proximity to the call at issue and extends to the present shows that the calling logs are not being sought for purposes of supporting the Counterclaim.  Nor does the request have any relevance to Plaintiff's claim for violation of the TCPA based on receipt of a single call or to any Rule 23 issues such as the Plaintiff's fitness to represent the class.  The request has no reasonable relation to discovery in this case and is the type of "unsupported fishing expedition frowned upon by the Seventh

Circuit," particularly with respect to third-party subpoenas. *See WM High Yield*, 460 F. Supp. 2d at 896 (S.D. Ind. 2006) (quoting *Nw. Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 931 (7th Cir. 2004).)  Accordingly, request 1(b) of the subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion To Quash should be GRANTED.

Respectfully submitted,

**/s/ Jonathan P. Misny**
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
misny@mmmb.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2020, I served the foregoing document on all counsel of record who have entered an appearance via the Court's CM/ECF system.

**/s/ Jonathan P. Misny**
Jonathan P. Misny

# EXHIBIT 1

EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| Andrew Perrong ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:19-cv-01940-JPH-DML |
| Golden Rule Insurance Company, et al. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Wireless

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Send directly to the undersigned via email or to We Serve NJ LLC at 1250 Valley Rd, Stirling, NJ 07980 | Date and Time: 02/10/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/10/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Susanne Johnson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Golden Rule Insurance Company , who issues or requests this subpoena, are:

Susanne Johnson, 317-237-0300, susanne.johnson@faegrebd.com, 300 N. Meridian St., 2500, Indianapolis, IN 46204

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-01940-JPH-DML

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

　　　I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

　　　☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

　　　☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00    .

　　　I declare under penalty of perjury that this information is true.

Date: _____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Server's signature*

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Printed name and title*

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to the foregoing subpoena duces tecum (the "Subpoena") and Rule 45 of the Federal Rules of Civil Procedure, Defendant Golden Rule Insurance Company hereby requests and demands that Verizon Wireless produce for inspection and copying the documents described below.

**I. DEFINITIONS**

1. The term "action" means the above-titled action, captioned *Perrong v. Golden Rule Insurance Co. and American Select Partners, LLC,* No. 1:19-cv-01940-JPH-DML, currently pending in the United States District Court for Southern District of Indiana.

2. The term "communications" refers to any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, internet submission, telegram, overnight delivery, telephone, social media, facsimile or telex.

3. The terms "you" and "your," include Verizon Wireless, and any company, entity, or limited liability company that was owned, controlled, or operated by Verizon Wireless at any time and in connection with answering these discovery requests.

4. The terms "You," "Your," and "Verizon" include Verizon Wireless, and any agency, subsidiary(ies), parent corporation(s), and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship in the broadest sense, and also includes any person, agent, servant and/or employee who acted on behalf of Verizon Wireless at any time and in connection with answering these discovery requests.

5. The term "document," as defined in Fed. R. Civ. P. 34(a), includes, without limitation, any written or graphic material or other tangible means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice, telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, prospectuses, Financial Statements, schedules, affidavits, declarations, statements, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electronic recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

6. The term "person" or "persons" means and refers to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and governmental agencies and other agencies.

## II. RELEVANT TIME PERIOD

The relevant time period ("Relevant Period") is from January 1, 2019 through and including the date of the Subpoena, and includes all documents or communications that

relate to such period, even if such documents or communications were prepared, published, or occurred outside the Relevant Period.

### III. DOCUMENTS REQUESTED

1. All documents concerning the account associated with telephone number (215) 208-9484 during the Relevant Period, including:

    a. Monthly billing statements reflecting cellular telephone services rendered and payments made for the account associated with telephone number (215) 208-9484;

    b. Any and all call logs cataloguing all inbound calls placed to, and outbound calls placed from, telephone number (215) 208-9484, including the date, time, and duration of each call, along with the connecting phone number from which each inbound call was placed, or to which each outbound call was placed, as may be the case; and Monthly voicemail message logs cataloguing all voicemail messages received on telephone number (215) 208-9484, including the date, time, and duration of each voicemail message, as well as the inbound telephone number responsible for leaving each such voicemail message.

2. All documents reflecting any communications between You and Andrew Perrong during the Relevant Period concerning telephone number (215) 208-9484.

3. All subscriber agreements, contracts, and any other documents sufficient to identify the subscriber(s) on the account associated with telephone number (215) 208-9484.

4. All documents sufficient to identify all persons who use any telephone number(s) part of any "family" plan, "family and friends" plan, employer-sponsored plan, or other "group" telephone plan that includes telephone number (215) 208-9484.

5. Customer account notes (or similarly titled documents) concerning Andrew Perrong.

6. All documents sufficient to identify all persons who were associated with the telephone number (215) 208-9484 during the Relevant Period.

US.126209599.01