UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 1:19-cv-01940-TWP-DML |
| GOLDEN RULE INSURANCE COMPANY, AMERICAN SELECT PARTNERS, LLC, | ) ) ) ) |
| Defendants. | ) |

## Order on Plaintiff's Motion to Quash Subpoena

Plaintiff Andrew Perrong moves to quash a subpoena that defendant Golden Rule Insurance Company served on his cell phone provider, Verizon Wireless. While Verizon has already produced the subpoenaed documents to Golden Rule, the documents remain in a sealed envelope and have not been reviewed by Golden Rule pending the court's decision on Mr. Perrong's motion. The court treats Mr. Perrong's motion as one for a protective order forbidding Golden Rule from reviewing the documents and requiring it to send the documents to his counsel.

The court will first provide context to the discovery dispute by summarizing the claims and defenses in this case. It will then address governing discovery principles, the relevancy of the subpoenaed information, and the effect of

proportionality and privacy concerns on whether the Verizon discovery should be prohibited.[1]

## Analysis

I.  **The Parties' Claims**

The following description of the parties' claims is taken from various filings. These are not findings by the court but give context to the discovery dispute.

Plaintiff Andrew Perrong, individually and on behalf of a putative class, sued Golden Rule Insurance Company and American Select Partners LLC for violating the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). He alleges that Golden Rule hired American Select to make telemarketing calls to sell Golden Rule insurance products, and that those calls were made (a) to cell phone numbers, (b) without consent of the called parties, and (c) using an automatic telephone dialing system or artificial or prerecorded voice.

Specifically, Mr. Perrong alleges that "Jessica" of American Select called him on April 11, 2019, using an automatic telephone dialing system,[2] to market Golden

---

[1] The court acknowledges Golden Rule's argument that Mr. Perrong's motion should be denied outright because of his alleged failure to comply with the meet and confer requirements of Rule 37 and Local Rule 37-1. Golden Rule was well aware of Mr. Perrong's objections to the subpoena (it knew he sent his objections directly to Verizon) and neither party worked to attempt to resolve their differences. Further, it is clear that the parties could not reach agreement about the call log information subpoenaed from Verizon. Under these circumstances, the court declines to deny Mr. Perrong's motion based on a failure to confer.

[2] Mr. Perrong's complaint states that the call to him was made using a "predictive dialer." *See* Complaint, Dkt. 1, ¶ 29. A "predictive dialer" is not necessarily a forbidden "automatic telephone dialing system" under the TCPA. *See Gadelhak v. AT&T Servs., Inc.,* 950 F.3d 458, 460 (7th Cir. Feb. 19, 2020) (construing the meaning of an ATDS under the Act).

Rule insurance products, and that he had not given prior consent to receive the call.[3]

He asserts that Golden Rule is vicariously liable for American Select's alleged violation of the TCPA. Though the Seventh Circuit apparently has yet to reach the issue, there is a fairly robust body of authority—rooted in a May 2013 declaratory ruling of the Federal Communications Commission, *see In re Petition filed by Dish Network, LLC,* 2013 WL 1934349—that a seller of goods and services can be held vicariously liable for violations of the TCPA by telemarketers the seller hires to market those goods and services. Liability arises out of "federal common law principles of agency." *Id. See also Smith v. State Farm Mut. Auto Ins. Co.,* 30 F. Supp.3d 765, 772-780 (N.D. Ill. 2014) (finding that seller of products/services can be vicariously liable for violations of TCPA made by its agents, whether there existed a formal agency relationship or whether agency arose under apparent agency or ratification principles).

In addition to defending Mr. Perrong's claim against it, Golden Rule filed a counterclaim for fraud and abuse of process. Golden Rule alleges that Mr. Perrong is a prolific TCPA litigant (having filed about 75 TCPA lawsuits since 2015, 20 of which were filed since January 2019) who deliberately tries to attract marketing

---

[3]  American Select has served a third-party complaint on Datamax, LLC, a company with which it contracted to provide telephone sales leads. According to American Select, Datamax agreed that all leads were for persons legitimately interested in buying health products and that the leads were not generated in violation of the TCPA. Datamax has not answered the third party complaint.

calls to his cell phone(s) for the purpose of creating a TCPA claim. Golden Rule asserts that Mr. Perrong contrived this very lawsuit and took action to attract insurance marketing calls (by completing, or having someone else complete on his behalf, an on-line request for insurance information and providing his cell phone number) so that he could file a TCPA suit. After receiving a call about insurance, Mr. Perrong told the caller from American Select that the call was "out of the blue" (a statement Golden Rule suggests was false but made by Mr. Perrong to aid a TCPA claim, knowing the call likely was recorded), but he stayed on the phone for 30 minutes and feigned interest in insurance products in order to gather information about the companies he should sue.

## II.    The Verizon Subpoena

The subpoena seeks from Verizon documents associated with a cell phone number used by Mr. Perrong,[4] for the period January 1, 2019, through January 10, 2020 (the date of the subpoena), including (a) monthly billing statements, (b) call logs that catalogue all inbound and outbound calls and inbound voicemails (including the date, time, duration of calls, and the numbers called), (c) communications between Verizon and Mr. Perrong, (d) subscriber agreements, (e) any group telephone plan that includes the cell number and documents identifying all persons associated with the number, and (f) customer account notes. Mr. Perrong objects only to the request for the call logs that reveal the telephone

---

[4]    This is the number American Select called. Mr. Perrong states it's his only cell number.

numbers Mr. Perrong called (and the length, date, and time of the calls) and the telephone numbers and voice mails Mr. Perrong received (including their length, data, and time).

### III. Governing Legal Principles

Rule 26(b)(1) of the Federal Rules of Procedure permits the discovery of nonprivileged matter that is "relevant" to a party's claim or defense and "proportional" to the needs of a case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. The limits and breadth of discovery under Rule 26 are applicable to non-party discovery under Rule 45. *E.g.,* Advisory Committee Notes regarding 1991 amendments to Rule 45 ("[N]on-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."); *Jackson v. Brinker,* 147 F.R.D. 189, 193-94 (S.D. Ind. 1993) (internal citations omitted) ("The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules.")

### IV. Relevancy, Proportionality, and Privacy Concerns

Golden Rule asserts that the phone logs are relevant because they may lead to the discovery of evidence pertinent to its abuse of process and fraud counterclaims. It believes that by analyzing Mr. Perrong's calling patterns along with other information it has obtained regarding Mr. Perrong's numerous TCPA lawsuits, it may be able to show that Mr. Perrong invites or engages in sales calls

primarily for the purpose of creating a TCPA lawsuit and not because he is uninterested in receiving sales calls. Golden Rule also asserts that despite Mr. Perrong's contention to the contrary, it may be able to show that the cell number was used primarily as a "litigation" phone number and not as Mr. Perrong's regular and primary phone for all business and personal purposes. Mr. Perrong contends that the log information for phone communications he may have had with entities he sued under the TCPA will not tend to show whether he consented to the initial contact and thus his telephone communications will not assist in the proof or disproof of any claim or defense. Mr. Perrong also asserts that his interest in protecting the privacy of his communications weighs in favor of forbidding Golden Rule from obtaining discovery about every phone communication he had from January 2019 to January 2020.

    The court's weighing of relevance, proportionality, and privacy concerns leads it to deny Mr. Perrong's motion to quash/for protective order. While logs of Mr. Perrong's telephone behavior during the one-year period may not themselves reveal whether Mr. Perrong engaged in fraudulent conduct or abuse of process, the court can conceive that the logs—in combination with other information Golden Rule obtains in discovery or through other investigations—may lead it to discover patterns of behavior potentially indicative of abuse of process in the filing of TCPA claims. It may also be able to show from patterns of calling behavior that statements by Mr. Perrong about his injuries from the call—alleged frustration, annoyance, and the disturbance of his solitude—are exaggerated or untrue. Thus,

the calls logs are relevant in a discovery sense. And because the information already has been provided by Verizon, there can be no argument that the gathering of the information poses too heavy a burden or expense to allow its production. That leaves Mr. Perrong's privacy interests. The court is satisfied that his legitimate privacy interests are protected under the terms of the protective order in this case. Appropriate confidentiality designations can be made.

## Conclusion

For the foregoing reasons, the court DENIES Mr. Perrong's motion (Dkt. 64) to quash/for protective order.

So ORDERED.

Dated: March 17, 2020

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

7