UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated, | Case No. 1:19-cv-1940-TWP-DML |
| Plaintiff, | CLASS ACTION |
| v. | |
| GOLDEN RULE INSURANCE COMPANY, | |
| Defendant, and | |
| AMERICAN SELECT PARTNERS, LLC, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| DATAMAX, LLC, | |
| Third-Party Defendant. | |

**PLAINTIFF ANDREW PERRONG'S STATEMENT OF CLAIMS**

Pursuant to the Court's case management order (Doc. 28), Plaintiff Andrew Perrong ("Plaintiff") hereby submits the following statement of the claims and defenses on which he has the burden of proof that he intends to prove at trial.

Plaintiff received an automated telemarketing call on April 11, 2019 from a non-working "spoofed" caller ID, (409) 655-0288, to his cellular telephone. The call appears to have been placed using a predictive dialer manufactured by ViciDial, which constitutes an automatic telephone dialing system ("ATDS") as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Accordingly, the call violates Section 227(b)(1)(A) of the TCPA, which prohibits using an ATDS to make telemarketing calls to cellular telephone numbers absent

the recipient's prior express written consent, which Plaintiff never provided.  The call was made to promote Defendant Golden Rule Insurance Company's ("Golden Rule's") services.  Plaintiff brings this action on behalf of a putative class of similarly situated individuals who received automated telemarketing calls from or on behalf of Golden Rule.

On the call, Plaintiff spoke with a sales representative of Defendant American Select Partners, LLC ("American Select Partners"); however, American Select Partners claims that another company, Datamax, LLC or a subvendor of Datamax, LLC, physically initiated the call to Plaintiff before transferring the call to the sales representative from American Select Partners.  Regardless of which entity or person did the actual physical dialing of the phone call, Defendants are vicariously liable for the call because they commissioned such calls to originate new business for Defendants, they had the power to ensure the leads were not being generated in violation of the TCPA, and they knew or should have known that the calls were placed in violation of the TCPA, but nonetheless Defendants accepted the benefits of the illegal telemarketing.

Plaintiff does not bear the burden of proof as to Defendants' affirmative defense of prior express consent or Golden Rule's Counterclaims and as such, per the Court's order, will not address those issues here.  However, Plaintiff states that the call was unsolicited and that he never input any information on any website or did anything else to attract the call at issue.

        Respectfully submitted,

        **/s/ Jonathan P. Misny**
        Jonathan P. Misny
        Murray Murphy Moul + Basil LLP
        1114 Dublin Road
        Columbus, OH  43215
        Telephone: 614.488.0400
        Facsimile: 614.488.0401
        misny@mmmb.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, I served the foregoing document on all counsel of record who have entered an appearance via the Court's CM/ECF system.

**/s/ Jonathan P. Misny**
Jonathan P. Misny

3